## In re Robert L. KOVEN, Respondent.

## A Member of the Bar of the District of Columbia Court of Appeals.

### No. 00–BG–1635.

District of Columbia Court of Appeals.

Submitted Feb. 12, 2002.

Decided March 7, 2002.

Before SCHWELB and FARRELL, Associate Judges, and FERREN, Senior Judge.

PER CURIAM:

Respondent Robert L. Koven was suspended from the practice of law on November 8, 2000, after the Court of Appeals of Maryland concluded that he violated the Maryland Rules of Professional Conduct. Respondent's misconduct involved serious neglect of three legal matters, aggravated dishonesty characterized by multiple lies to clients as well as the creation of false documents, and failure to cooperate with Bar Counsel's investigation. Pursuant to the rules of the Court of Appeals of Maryland, respondent will not be eligible for reinstatement for two years.

Bar Counsel filed with this court a certified copy of the Court of Appeals of Maryland's order indefinitely suspending respondent as a disciplinary sanction. This court temporarily suspended respondent on January 4, 2001, pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board to recommend whether reciprocal discipline should be imposed. Respondent has not filed any opposition to the Board's report and recommendation.

In this case, the Board has determined that a two-year suspension with a fitness requirement is the functional equivalent of respondent's discipline in Maryland. Given the presumption in favor of identical reciprocal discipline and our limited scope of review in uncontested disciplinary cases, *see In re Goldsborough,* 654 A.2d 1285, 1287 (D.C.1995), and D.C. Bar R. XI, § 11(f), we adopt the Board's recommendation. Accordingly, it is

ORDERED that Robert L. Koven be suspended from the practice of law in the District of Columbia for the period of two years, the suspension to be imposed *nunc pro tunc* to January 19, 2001, the day respondent complied with Rule XI, § 14(g). Reinstatement in the District of Columbia shall be conditioned on respondent's proof of his fitness to practice law.[1]

*So ordered.*

---

1. We leave for future resolution any questions that may arise with respect to the possibility of expedited reinstatement if respondent is summarily reinstated in Maryland.